UNITED STATES of America,
Plaintiff–Appellee,

v.

John Vance AIBEJERIS,
Defendant–Appellant.

No. 93–2121
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1994.

Clyde M. Taylor, Jr., Tallahassee, FL, for appellant.

Kenneth Sukhia, U.S. Atty. and James C. Hankinson, Tallahassee, FL, for appellee.

Before HATCHETT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

The appellant, John Aibejeris, challenges the district court's denial of his motion for judgment of acquittal on the theory that he was entrapped by the government into committing the offense of which he was convicted. Because there was ample evidence on which a reasonably minded jury could conclude that he was, beyond a reasonable doubt, not entrapped, we affirm the district court's denial of Aibejeris's motion.

## I. BACKGROUND

United States Customs opened an investigation into the activities of Aibejeris in February 1991. The government's decision to investigate was based on a request by a Taylor County, Florida official who suspected that Aibejeris was involved in money laundering activities in the area. Customs agent Mickey Pledger was assigned to the case and proceeded to initiate an undercover investigation of Aibejeris. Agent Pledger met with Aibejeris on a number of occasions to discuss the possibility of Aibejeris's laundering money for Pledger, who Aibejeris believed to be a drug trafficker. During the course of the investigation, Aibejeris actually laundered $50,000 of government money for Pledger.

At trial there was testimony that Aibejeris had, prior to the government's investigation, laundered money for Danny and Carmen Cruz. Carmen Cruz testified that she and Danny had previously laundered between $190,000 and $230,000 of drug proceeds through Aibejeris. She also testified that Aibejeris was aware that the money consisted of drug sale proceeds, and that Aibejeris had suggested that she and Danny launder additional funds through one of his restaurants in Taylor County.

At the close the government's case, Aibejeris renewed his continuing motion for dismissal of the indictment, or in the alternative, for judgment of acquittal, based on the theory that he had been entrapped by the government. The district court denied this motion, and the jury convicted Aibejeris on two counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(a)(3).

## II. DISCUSSION

A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant. We therefore review the district court's denial of Aibejeris's motion by viewing all facts and making all inferences in favor of the government and ascertaining whether any reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*United States v. Ventura,* 936 F.2d 1228, 1230 (11th Cir.1991). In the case of a defense of entrapment, we specifically look to see " 'whether the evidence was sufficient to enable a reasonably-minded jury to reach the conclusion that the defendant was predisposed to take part in the illicit transaction.' " *Id.* (quoting *United States v. Andrews,* 765 F.2d 1491, 1499 (11th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986)).

Aibejeris makes the argument that *Jacobson v. United States,* — U.S. —, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), requires the government to prove that it had evidence that Aibejeris was disposed to commit the underlying crime prior to engaging in an investigation of him. This is an incorrect reading of *Jacobson.* That case does not stand for the proposition that the government must have evidence of predisposition prior to investigation. Rather, *Jacobson* holds that the government must prove at trial beyond a reasonable doubt that the defendant was *actually* predisposed to commit the underlying crime absent the government's role in assisting such commission. *Id.* at —, 112 S.Ct. at 1540. Other circuits have held, and we agree, that *Jacobson* does not alter the precedent that there is no requirement that the government have evidence of predisposition or wrongdoing before initiating an investigation. *See United States v. Harvey,* 991 F.2d 981, 990 (2d Cir.1993); *United States v. Allibhai,* 939 F.2d 244, 249 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 967, 117 L.Ed.2d 133 (1992).

Viewing all evidence and making all credibility determinations in favor of the government, a reasonable jury could certainly have concluded that the government proved predisposition beyond a reasonable doubt. The testimony of Carmen Cruz, if believed, as it must be in review of this motion, indicates that Aibejeris had actually engaged in money laundering activity well before any government investigation began. In fact, one of his convictions at this trial was for money laundering crimes occurring prior to any intervention by the government. Despite Aibejeris's arguments to the contrary, the law does not require the government to have known of these previous illegal activities in advance of initiating an investigation, but only that it prove that Aibejeris was *in fact* predisposed to commit the crime. These prior offenses demonstrate beyond a reasonable doubt that he was so predisposed.

## III. CONCLUSION

Aibejeris challenges his conviction for money laundering on the ground that the government entrapped him. He bases his argument on the theory that the government was required to have evidence of his predisposition to commit the crime prior to initiating an undercover investigation of him. The law does not require such evidence. In order to overcome a charge of entrapment, the government need only demonstrate, beyond a reasonable doubt, that Aibejeris was *actually* predisposed to commit the relevant crime. The government proved predisposition in this case, and the district court committed no error in denying Aibejeris's motion for judgment of acquittal.

AFFIRMED.