**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**
_____

No. 95-50667
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

August 12, 1996

Before DAVIS, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

David Hernandez, also known as David Gonzalo, was convicted for conspiracy to distribute heroin and distribution of heroin. Hernandez admitted his role in the sale of heroin to an undercover agent, Gilbert Villareal; he had arranged a meeting between Villareal and Jose Perez-Santos, the supplier of the heroin for the sale. His sole defense at trial was entrapment. His attorney requested a jury instruction which emphasized that predisposition to commit the crime must occur prior to any government involvement. See Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535 (1992). The district court denied the proffered instruction and gave the pattern jury instruction on entrapment. On appeal, Hernandez complains about both the correctness of the jury instruction given by the district court and the denial of his requested instruction.[1]

Hernandez objected to the proposed jury charge on the grounds that it did not comport with Jacobson. He wanted the jury instruction to more clearly state that the predisposition of the

---

[1]Our conclusion that the district court's charge to the jury was a proper statement of the law makes it unnecessary for us to consider the government's cross appeal of the district court's decision to instruct the jury on entrapment.

defendant must be independent of government action. In <u>Jacobson</u>, the Supreme Court reversed a conviction for ordering child pornography literature because the government failed to prove predisposition, having directed attention at Jacobson for approximately two and one-half years in a sting operation. <u>Jacobson</u>, 503 U.S. at 553, 112 S.Ct. at 1543. This court has interpreted <u>Jacobson</u> to hold "that the government must prove at trial beyond a reasonable doubt that the defendant was actually predisposed to commit the underlying crime absent the government's role in assisting such commission." <u>United States v. Byrd</u>, 31 F.3d 1329, 1336 (5th Cir. 1994) (quoting <u>United States v. Aibejeris</u>, 28 F.3d 97 (11th Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1432 (1995)). "We believe the crucial holding of Jacobson is that predisposition must be independent of government action." <u>Id.</u>

Hernandez complains that the jury instruction does not adequately explain that the intent must be previous to intervention by a government agent.[2] He argues that the jury instructions left

---

[2]The Fifth Circuit pattern jury instruction given by the district court reads:
> The defendant asserts that he was a victim of entrapment.
> Where a person has **no previous intent or purpose to violate the law**, but is induced or persuaded by law enforcement officers or their agents to commit a crime, that person is a victim of entrapment, and the law as a matter of policy forbids that person's conviction in such a case.
> On the other hand, where a person **already has the readiness and willingness to break the law**, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment. For example, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to engage in an unlawful transaction.
> If, then, you should find beyond a reasonable doubt from the evidence in the case that, **before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit a crime** such as charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then you should find that the defendant is not a victim of entrapment.
> On the other hand, if the evidence in the case should leave you **with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged, apart from the inducement or persuasion of some officer or agent of the government**, then it is your duty to find the defendant not guilty.
> The burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.
> You are instructed that a paid informer is an "agent" of the government for purposes of this instruction.

Fifth Circuit Pattern Jury Instructions § 1.28 (West 1990). Emphasis highlights the wording

the jury with the impression that he was not entrapped if he lacked a predisposition when the government agent first approached him and developed it later before the commission of the offense. Accordingly, Hernandez' proposed jury instructions added the phrase "before contact with law enforcement officers or their agents" to the paragraphs discussing readiness, willingness and intent to violate the law.

We review challenged jury instructions for abuse of discretion and will not reverse if the court's charge, viewed in its entirety, is a correct statement of the law which clearly instructs jurors as to the relevant principles of law. United States v. Allibhai, 939 F.2d 244, 251 (5th Cir. 1991), cert. denied, 502 U.S. 702 (1992). In this case, the instruction given required that the defendant's predisposition to commit the crime must exist independently and prior to any government inducement and repeated this requirement in several places. The jury instruction was a correct statement of the law and clearly instructed the jury that it must find that the Hernandez was willing to break the law even before government agents offered him a favorable opportunity to do so. Hernandez' requested jury instruction on entrapment was also a correct statement of the law, but the district court's refusal to give the requested instruction was not an abuse of discretion. The matter of predisposition was adequately covered by the charge given to the jury. See United States v. Brown, 43 F.3d 618, 627 (11th Cir.) (upholding a virtually identical charge) cert. denied, 116 S.Ct. 309 (1995).

Hernandez also alleges that statements of the prosecution during closing argument impaired his defense. His attorney attempted to argue that predisposition must be measured from the time before Villareal first approached the defendant. The prosecutor objected that this was a misstatement of the law. The court ordered the defense counsel to continue. Later the prosecutor argued that predisposition did not have to exist prior to the time the government first approached Hernandez. Appellant argues that since the jury instructions were not clear that predisposition

---

Hernandez finds objectionable.

must exist prior to any government contact, the jury was probably left with the impression from the prosector's argument that it could be measured anytime up to the commission of the offense.

This court, in <u>United States v. Rubio</u>, 834 F.2d 442 (5th Cir. 1988) stated that "when looking beyond the charge itself to determine the adequacy of that charge, the focus must remain on the words of the judge.  We look to the record and the closing arguments to place the words of the judge in context. The burden of giving proper instructions is on the Judge."  <u>Id.</u> at 447.  As explained above, the jury instructions given by the judge were proper.  The erroneous statement by the prosecutor does not require reversal.

The judgment of the district court is AFFIRMED.

AFFIRMED.