[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 98-2099
Non-Argument Calendar

D. C. Docket No. 97-136-Cr-J-20B

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/28/98
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD C. BROADWATER,
a.k.a. Ronald Hampton,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(August 28, 1998)**

Before BLACK and HULL, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Ron C. Broadwater was convicted in the United States District Court for the Middle District of Florida for possession with intent to distribute crack cocaine.  On appeal, he contends only that he was not retried within the time limitations imposed by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("the Act"), thereby voiding the conviction.  We affirm.

FACTS AND PROCEEDINGS IN THE DISTRICT COURT

In August of 1995, the Clay County Sheriff's Office began investigating the distribution of crack cocaine from an apartment in the Magnolia Springs Apartments in Green Cove Springs, Florida.  As a result of this investigation, Broadwater was eventually charged with possession of a

firearm by a convicted felon and possession with intent to distribute crack cocaine. He was initially indicted on November 9, 1995, and arraigned on November 13, 1995.[1] The government orally moved for a competency examination on November 21, 1995 and later filed a written motion for a psychiatric examination on December 6, 1995 and an amended motion for such an examination on December 7, 1995.[2] The magistrate judge found Broadwater competent to stand trial on December 28, 1995. A superseding indictment was returned on January 11, 1996, and Broadwater was arraigned on those charges the following day. He filed the first of a series of pretrial motions on January 17, 1996. Those motions were finally disposed of on March 5, 1996. The court held a status conference in the case on March 6, 1996. On March 21, 1996, Broadwater filed a motion to suppress evidence, which the district court resolved on April 15, 1996 at the commencement of the trial. On April 18, 1996, the jury found Broadwater guilty of possession of a firearm by a convicted felon. Because the jury could not agree on a verdict on the possession with intent to distribute crack cocaine charge, the district court declared a mistrial as to that count on the same day.

The court held another status conference in the case on April 30, 1996. On May 2, 1996, the parties moved to continue the retrial of the possession with intent to distribute count until July 2, 1996. On that date, the court granted Broadwater's motion to continue his sentencing. The retrial was also continued at that time. On July 11, 1996, Broadwater was sentenced on the firearm charge, at which time the government dismissed Count Two of the indictment.

There was no further court activity until May of 1997 when Broadwater and two other defendants were named in a five-count indictment growing out of the original 1995 investigation.[3]

---

[1] Dist. Ct. Dkt. No. 95-131(S1)-Cr-J-10.

[2] Given the nature of Broadwater's claim on appeal, the district court's proceedings will be related in greater detail than would ordinarily be necessary.

[3] Dist. Ct. Dkt. No. 97-136-Cr-J-20.

Count Three of the new indictment recharged the possession with intent to distribute offense which had resulted in the hung jury in the earlier trial. Broadwater made his initial appearance on the new indictment before the magistrate judge on July 9, 1997. On the same day, the government filed a motion for a joint trial of the defendants and to continue the trial date. The district court granted the motion and continued the trial until September 8, 1997, specifically finding that such a delay was in the interests of justice. Broadwater then filed a series of pretrial motions, the last of which was not decided until September 22, 1997, the day the second trial began.

Earlier, on September 16, 1997, Broadwater moved to dismiss Count Three on the ground that his prosecution on that charge would violate the Act. The district court found that the following days should be excluded from the speedy trial computation: November 13, 1995 (arraignment); November 21 - December 28, 1995 (motion for competency examination); January 12, 1996 (rearraignment); January 17 - March 5, 1996 (motions); March 6, 1996 (status conference); March 21 - April 15, 1996 (motion); April 15 - 18, 1996 (trial); April 30, 1996 (status conference); May 1 - July 10, 1996 (continuances); July 11, 1996 (sentencing); July 12, 1996 - July 9, 1997 (dismissal of indictment to initial appearance in second proceeding); July 10 - September 8, 1997 (continuance in interests of justice); and September 9 - 22, 1997 (motions).[4] Finding that only 53 non-excludable days had elapsed since Broadwater's first indictment, the district court concluded that there was no violation of the Act and denied the motion. The jury eventually convicted Broadwater on Count Three but was unable to reach a verdict on the remaining charges. Broadwater filed this appeal from the final judgment.

DISCUSSION

---

[4]Stated differently, the district court found that the following days should be counted toward the seventy-day limit: November 10-12, 1995; November 14-20, 1995; December 29, 1995 - January 11, 1996; January 13-16, 1996; March 7-20, 1996; and April 19-29, 1996.

The Act requires that a defendant be brought to trial within 70 days of the filing of an indictment or of a defendant's first appearance in court, whichever occurs last. 18 U.S.C. § 3161(c). If the government moves to dismiss a count following a mistrial, it does not get a "fresh clock" on reindictment; rather, the time is tolled from the dismissal of the original count until the reindictment. See United States v. Menzer, 29 F.3d 1223, 1227-28 (7th Cir. 1994). The Act permits, however, various periods of time to be excluded from the computation, including periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F).

The district court concluded that Broadwater's second trial for possessing crack cocaine on August 12, 1995 with the intent to distribute did not violate the Act because all but 53 days were excludable under 18 U.S.C. § 3161(h). On appeal, Broadwater contends that the district court erred by excluding the 16 days during the pendency of the first indictment from November 21, 1995, the day the government orally moved for a competency examination, to December 7, 1995, the day the government filed its amended written motion for psychiatric examination, from the computation of time. He also argues that the district court improperly included May 1, 1996 in the excludable time because the parties' joint motion to continue the trial was not filed until the following day. According to Broadwater, if these 17 days are added to the district court's computation, his trial on Count Three was not timely. The government agrees that May 1, 1996 should not have been excluded from the speedy trial computation because the parties did not file their motion for a continuance until the following day. Therefore, it is not necessary to further address that argument.[5]

---

[5] The government's computation of the excludable time varies in two additional respects from that of the district court. The government does not exclude January 12, 1996, the day Broadwater was arraigned on the superseding indictment, or April 30, 1996, the date of the status conference following the first trial. The district court apparently excluded these two days as "other proceedings concerning the defendant" pursuant to 18 U.S.C. § 3161(h)(1). Compare Order dated September 22, 1997 at 3-4 with Blue Brief at 6. Therefore, in the government's view, 56 non-excludable days elapsed between Broadwater's first indictment and his trial in this case.

Broadwater acknowledges that the Act excludes "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(F), and that pretrial motions "may be written or oral at the discretion of the judge," Fed.R.Crim.P. 12(b).  The crux of his argument, however, is that Congress intended to exclude from the computation of time under the Act only the periods during which the district court is considering a <u>written</u> motion.  He relies on this court's decision in <u>United States v. Martinez</u>, 749 F.2d 623 (11th Cir. 1984), in support of that assertion.  That case is inapposite.  It simply held that a district court's prompt disposition of a motion, for purposes of § 3161(h)(1)(F), is measured from the date the district court's order "is officially filed by the clerk of the court," not the day the district judge signs the order.  <u>Id.</u> at 625.

As Broadwater concedes, pretrial motions in a criminal case may be written or oral, at the discretion of the trial judge.  <u>See</u> Fed.R.Crim.P. 12(b).  As a result, oral pretrial motions made on the record have generally been held to be motions for purposes of § 3161(h)(1)(F).  <u>See</u>, <u>e.g.</u>, <u>United States v. Rodriguez</u>, 63 F.3d 1159, 1164-65 (1st Cir. 1995)(oral motion for supplemental discovery triggered exclusionary provision of § 3161(h)(1)(F)); <u>United States v. Noone</u>, 913 F.2d 20, 27 (1st Cir. 1990)(oral motion for reconsideration of detention order excludable under § 3161(h)(1)(F)); <u>United States v. Nixon</u>, 779 F.2d 126, 130 (2d Cir. 1985)(oral motion for surrender of defendant's passport excludable under § 3161(h)(1)(F)).  This court has applied the rule without specifically commenting on its import.  <u>See</u>, <u>e.g.</u>, <u>United States v. O'Bryant</u>, 775 F.2d 1528, 1532 (11th Cir. 1985).  Therefore, the district court correctly excluded the period from November 21 to December 6, 1995 from the speedy trial computation, and Broadwater's speedy trial challenge to his conviction fails.  Accordingly, the judgment of the district court is AFFIRMED.