[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10324
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 99-01265-CV-J-20-TEM,
97-00136-CR-J-2

RONALD C. BROADWATER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2009)

Before TJOFLAT, MARCUS  and ANDERSON, Circuit Judges.

PER CURIAM:

On September 29, 1997, a Middle District of Florida jury found Ronald C. Broadwater guilty of possession of crack cocaine with intent to distribute, and on November 21, 1997, the district court sentenced him to prison for a term of 294 months. He appealed his conviction, and we affirmed. United States v. Broadwater, 1151 F.3d 1359 (11th Cir. 1998). He subsequently moved the district court to vacate his conviction pursuant to 28 U.S.C. § 2255. The court summarily denied his motion in a one-sentence order. He appealed, and we vacated the court's order and remanded the case with the instruction that the court provide an explanation for its ruling so to provide this court with a basis for review. Broadwater v. United States, 292 F.3d 1302 (11th Cir. 2002). On December 16, 2008, the district court entered an order explaining its decision for denying § 2255 relief. Broadwater appealed, and the district court granted a certificate of appealability on three issues, all claiming the denial of effective assistance of counsel as follows:

1. His attorney failed to appeal the district court's determination of the quantity of drugs attributable to him;

2. His attorney did not challenge the sufficiency of the evidence to convict on appeal because he failed to preserve the issue; and

3.  At trial, his attorney failed to impeach a prosecution witness with prior inconsistent testimony.[1]

The Sixth Amendment right to counsel is the right to the effective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).  To succeed on a claim of ineffective assistance of counsel, a § 2255 petitioner must satisfy both prongs of the Strickland test. Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).  First, the petitioner must show that counsel's performance was deficient.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  Second, he must establish that the deficient performance prejudiced the defense.  Id.

Strickland's "performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment."  Butcher, 368 F.3d at 1293.  The proper measure of attorney performance is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065.  The petitioner must prove the unreasonableness of counsel's performance by a preponderance of the evidence.

---

[1]  In his brief, Broadwater argues that the court should have held an evidentiary hearing on these claims.  We do not consider the argument as it is beyond the issues certified for review and, moreover, is meritless.

Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). Judicial review of counsel's performance is highly deferential, and there is a strong presumption that counsel's performance was reasonable. Id. at 1314. To overcome the presumption, the movant "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

Strickland's "prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Butcher, 368 F.3d at 1293. This requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (citation and internal quotation marks omitted).

The Supreme Court has held that a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 751-754, 103 S.Ct. 3308, 3312-3314, 77 L.Ed.2d 987 (1983). In so holding, the Court noted that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-752, 103 S.Ct. at 3313. Therefore, it is difficult for a defendant to show that his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues. Smith v. Robbins, 528 U.S. 259, 288-

4

289, 120 S.Ct. 746, 765-66, 145 L.Ed.2d 756 (2000). With these principles in hand, we address in order the issues before us.

I.

"Calculating the base offense level for drug distribution requires a determination of the quantity of illegal drugs properly attributable to a defendant." United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). Section 1B1.3 of the Sentencing Guidelines requires a district court to attribute to a defendant all drugs foreseeably distributed pursuant to a common scheme or plan of which that defendant's offense of conviction was a part. Id. In determining the quantity of drugs attributable to a particular defendant, a district court must make proper findings of fact. Id. The presentence report ("PSI") serves a role similar to a pretrial stipulation in a civil case by identifying factual and legal issues that remain in dispute. Id. When a defendant challenges one of the factual bases of his sentence as set forth in the PSI, the government has the burden of establishing the disputed fact by a preponderance of the evidence. Id. Rule 32(i)(3) of the Federal Rules of Criminal Procedure requires the sentencing court to rule on any disputed portion of the PSI at sentencing.

The district court explicitly stated that Broadwater should be held responsible for all of the crack cocaine that came out of 108-B Orion Road, and it

adopted the undisputed facts and the probation officer's position in the PSI as to the disputed facts. The probation officer's position was that Broadwater should be held accountable for all of the drugs found at 108-B Orion Road. Therefore, by adopting the probation officer's position, the district court ruled on the disputed portion of the PSI which attributed Broadwater with the 28.8 grams of crack cocaine, 29.3 grams of powder cocaine, and 92.3 grams of marijuana found at 108-B Orion Road.

Because the district court made proper findings of fact with respect to the drugs attributable to Broadwater, the district court correctly held that Broadwater's counsel did not perform below an objectively reasonable standard when he failed to raise this issue on appeal.

## II.

Rule 29(a) of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). Broadwater's counsel moved for a judgment of acquittal and renewed

6

the motion at the close of the evidence. His motion on both occasions was sufficient to preserve the issue for appeal.

Counsel did not raise the issue on appeal because it was meritless; the evidence demonstrated conclusively that Broadwater possessed the drugs at issue with intent to distribute. The prosecution presented evidence that (1) Broadwater had rented the car involved in the crash on August 12, 1995, and he was driving the car in the area of the Magnolia Springs Apartments at the time of the crash, (2) he had a bag with him when he first entered the car, (3) a black bag was found approximately 40 feet from the car after the crash, (4) his fingerprints were found on a small plastic bag inside the black bag, and (5) the black bag contained crack cocaine. Given this evidence, there was no reasonable probability that a sufficiency of the evidence challenge would have prevailed on appeal.

## III.

"The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney. . . . Absent a showing of a single specific instance where cross-examination arguably could have affected the outcome of either the guilt or sentencing phase of the trial, a [petitioner] is unable to show prejudice necessary to satisfy the second prong of Strickland." Fugate v. Head, 261 F.3d 1206, 1219 (11th Cir. 2001) (citations and internal quotation marks

7

omitted). "Ineffective assistance . . . will not be found merely because other testimony might have been elicited from those who testified," though we have "found ineffective assistance where counsel failed to impeach the key prosecution witness with prior inconsistent testimony where the earlier testimony was <u>much more favorable to the defendant</u>." <u>Id.</u> at 1219-20 (internal quotation marks and citations omitted) (emphasis added). Though counsel may have performed deficiently in failing to impeach a witness, the defendant must still demonstrate that prejudice resulted from the deficient cross-examination. <u>See id.</u> at 1220.

Battle's prior testimony, where she first unequivocally stated (1) that she saw Broadwater bring a bag into the car, and (2) that it could have been the same bag as the one found at the crash, was not much more favorable to Broadwater, even given the fact that she later stated on cross-examination that she only thought that Broadwater had a bag. Therefore, Broadwater's attorney did not perform unreasonably in failing to impeach Battle with her prior testimony. Furthermore, there was substantial evidence, as discussed above, establishing Broadwater's possession of the drugs, so there is not a reasonable probability that the outcome of the trial would have been different had Broadwater's counsel impeached Battle with her prior testimony. <u>See Butcher</u>, 368 F.3d at 1293.

Since we resolve against Broadwater the issues certified for appeal, the

8

district court's order denying § 2255 relief is

AFFIRMED.