# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-10905
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-45-3

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Castillo was found guilty by a jury of one count of distribution and possession of methamphetamine with intent to distribute on or about January 26, 2012 (the January 26 transaction). The district court sentenced him to 264 months in prison, and he now appeals. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castillo first contends that the district court erred by giving the jury a deliberate-ignorance instruction. We review for an abuse of discretion. *See United States v. Hernandez*, 92 F.3d 309, 311 (5th Cir. 1996). A deliberate-ignorance instruction is proper if the defendant alleges a lack of guilty knowledge and the trial evidence supports a reasonable inference of deliberate ignorance. *United States v. Scott*, 159 F.3d 916, 922 (5th Cir. 1998). Specifically, the evidence must raise the inference that: (1) the defendant was subjectively aware of a high probability of illegal conduct and "(2) the defendant purposely contrived to avoid learning of the illegal conduct." *Id.*

Castillo concedes that he alleged a lack of guilty knowledge. The evidence showed that on January 20, Castillo was stopped while driving a black Chevrolet Avalanche. Castillo acted nervously and touched the visor as the officer approached. The officer found plastic bags of methamphetamine wrapped in paper above the visor. Then, on January 26, Castillo delivered a foil-wrapped package of methamphetamine to an undercover officer in a parking lot at Montelongo's request. He did not hand the package to the officer or even touch it; he merely said, "[T]here it is," and pointed to the package on the passenger seat. He then drove away in a manner suggesting that he was trying to see if he was being followed. Next, on February 6, he sold methamphetamine at Montelongo's request to a customer at Montelongo's house. These facts amply support an inference that Castillo was subjectively aware of a high probability that the January 26 delivery involved methamphetamine. *United States v. Soto-Silva*, 129 F.3d 340, 345 (5th Cir. 1997). In addition, the "circumstances of [Castillo's] involvement in the criminal offense [were] so overwhelmingly suspicious that [his] failure to question the suspicious circumstances" supports an inference that he contrived

to avoid guilty knowledge. *United States v. Lara-Velasquez*, 919 F.2d 946, 953 (5th Cir. 1990). There was no abuse of discretion.

Castillo challenges the sufficiency of the evidence that, as to the January 26 transaction, he had knowledge of the methamphetamine, an element of both possession with intent to distribute and distribution. *United States v. Gourley*, 168 F.3d 165, 169 (5th Cir. 1999); *United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996). We review the evidence to determine whether "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006). As previously discussed, there was significant if not overwhelming evidence of Castillo's deliberate ignorance. The jury was free to consider that evidence as proof of guilty knowledge. *See Lara-Velasquez*, 919 F.2d at 952; *see also United States v. Demmitt*, 706 F.3d 655, 673 (5th Cir. 2013), *pet. for cert. filed* (May 2, 2013) (No. 12-10116).

In his final allegation of error, Castillo challenges his sentence on two grounds. First, he contends that the district court erred by imposing a two-level enhancement pursuant to § 2D1.1(b)(5) of the United States Sentencing Guidelines, which applies if, inter alia, the offense involved importation of methamphetamine. Second, Castillo asserts that the district court erred in its determination of drug quantity.

We review the application of the Guidelines de novo and review the sentencing court's factual findings for clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir.), *cert. denied*, 133 S. Ct. 623 (2012). Absent rebuttal evidence or a showing that the presentence report (PSR) was unreliable, the district court is free to adopt the PSR's factual findings, so long as they had an evidentiary basis with sufficient indicia of reliability. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

The PSR and the addendum thereto stated that Montelongo led a drug trafficking organization that distributed methamphetamine in the Fort Worth area. Arthur Luna and Joshua Baggett supplied Montelongo with methamphetamine that was imported from Mexico, which Castillo concedes. The methamphetamine was stored at Montelongo's house, to which Castillo had access, and was kept in a safe, to which Castillo had a key. Castillo delivered methamphetamine to an undercover officer at Montelongo's request. Castillo did not dispute or rebut these factual determinations. There was no error in the determination that Castillo's offense involved importation of methamphetamine. *See United States v. Rodriguez*, 666 F.3d 944 (5th Cir.), *cert. denied*, 132 S. Ct. 2115 (2012).

With respect to drug quantity, Castillo contends that he was involved in only two of Montelongo's small transactions, so that the sentencing court erred in attributing transactions conducted by Montelongo and others in the organization to him as relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1)(A), (B) & comment. (n.2); U.S.S.G. § 2D1.1, comment. (n.12). As noted, the PSR and the addendum specified that Castillo had access to Montelongo's house and a key to the safe where the methamphetamine was stored. Witness statements indicated that Castillo and Montelongo were partners in trafficking methamphetamine in Fort Worth and that Castillo worked at times delivering methamphetamine for Montelongo. Further, as Montelongo did not like to handle the drugs, most transactions were conducted by his wife and Castillo. Castillo did not offer any rebuttal evidence or demonstrate that the information in the PSR was unreliable. *See Rose*, 449 F.3d at 633. The district court did not err in determining drug quantity.

The judgment of the district court is AFFIRMED.