# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN ALONSO CASTILLO-CURIEL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-36-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Martin Alonso Castillo-Curiel appeals his 168-month sentence following his guilty plea conviction of possession with intent to distribute methamphetamine. Castillo-Curiel argues that the district court erred when it increased his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(5) because the information in the PSR regarding the importation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine from Mexico to the United States was unreliable.  He also argues that his within-guidelines sentence is unreasonable.

We review de novo a district court's interpretation or application of the sentencing guidelines and its factual findings for clear error.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  "[A] district court may adopt the facts contained in a [presentence report] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the [presentence report] is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).

The PSR in this case was based on information obtained from the case agent and detailed that (1) the methamphetamine was associated with two Mexican drug cartels, (2) the sources of supply were responsible for receiving loads in Mexico and coordinating trafficking routes within the United States; and (3) once the drugs were distributed by individuals like Castillo-Curiel, the proceeds were concealed in hidden vehicle compartments and transported back to Mexico.  Castillo-Curiel did not offer any evidence to rebut the information in the PSR or demonstrate its unreliability.  Thus, the district court did not err in applying the two-level enhancement under § 2D1.1(b)(5).  *See United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Since Castillo-Curiel's sentence falls within the applicable guidelines range, we afford it a presumption of reasonableness.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The district court considered and rejected Castillo-Curiel's arguments for a below-guidelines sentence.  We decline Castillo-Curiel's invitation to

reweigh the 18 U.S.C. § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Id.* at 339.  He has failed to rebut the presumption that his sentence is substantively reasonable.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.