# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ANTONIO MARTINEZ-URIOTE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-103-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Martinez-Uriote was sentenced to a within-guidelines term of imprisonment following his plea of guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting. Martinez-Uriote now appeals, contending that the district court erred by finding that the offense "involved the importation of amphetamine or methamphetamine" for the purposes of applying a two-level enhancement to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11003

his offense level pursuant to U.S.S.G. § 2D1.1(b)(5) because there was insufficient evidence that he possessed imported methamphetamine. We review the district court's factual determination that Martinez-Uriote's offense involved the importation of methamphetamine for clear error. *See United States v. Serfass*, 684 F.3d 548, 550, 553-54 (5th Cir. 2012).

"[D]istribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement." *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). Considering the record as a whole, the district court plausibly inferred that the methamphetamine Martinez-Uriote possessed with intent to distribute had been imported from Mexico. *See Serfass*, 684 F.3d at 550; *see also United States v. Castillo-Curiel*, 579 F. App'x 239, 239 (5th Cir. 2014). Accordingly, the district court did not clearly err by applying the § 2D1.1(b)(5) enhancement. *See Foulks*, 747 F.3d at 915.

AFFIRMED.