# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEZLI OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-214-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lezli Owens appeals the 240-month sentence imposed following her guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(C). Owens first challenges the imposition of a two-level importation enhancement but acknowledges that her argument is foreclosed by *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). Although she states in her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brief that she seeks to have us revisit *Foulks* en banc, she has not filed a petition for an en banc hearing. *See* FED. R. APP. P. 35(c). We must follow *Foulks* "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Jacobs v. Nat'l Drug Intelligence Cntr.*, 548 F.3d 375, 378 (5th Cir. 2008).

In light of *Foulks*, whether Owens was involved in the importation of the methamphetamine is not relevant to the applicability of the enhancement. *See Foulks*, 747 F.3d at 915. The fact that the methamphetamine was imported was enough to warrant the enhancement. Because the district court found that the methamphetamine distributed by Owens was imported from Mexico, the enhancement was properly applied. *See id.*

Owens also argues that her within-guidelines sentence is substantively unreasonable because an analysis of the 18 U.S.C. § 3553(a) sentencing factors show that it is "far too high." We review the substantive reasonableness of a sentence for abuse of discretion. Ga*ll v. United States*, 552 U.S. 38, 51 (2007). Because the district court imposed a within-guidelines sentence, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The presumption may be rebutted "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rather than trying to rebut the reasonableness presumption, Owens has identified evidence pertinent to each factor and seeks a different result from this court. Because the district court was in a superior position to find facts and assess their import under § 3553(a), we will not reweigh the sentencing factors or reverse a sentence because we reasonably might find that a different

sentence is proper.  *See Gall*, 552 U.S. at 51-52.  Owens has not shown that her sentence is substantively unreasonable.  *See Cooks*, 589 F.3d at 186.

AFFIRMED.