# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-10645
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHERRY WALTER,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-129-9

———————

Before KING, DENNIS and COSTA, Circuit Judges.

PER CURIAM:*

Sherry Walter appeals the 240-month sentence imposed for her conviction of conspiracy to possess with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. We affirm.

As Walter concedes, precedent forecloses her claim that it was clear error to enhance her base offense level because she trafficked in imported methamphetamine. *See United States v. Foulks*, 747 F.3d 914, 914-15 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2014).  Regarding her claim that it was clear error to enhance her base offense level under U.S.S.G. § 2D1.1(b)(12), Walter failed to rebut the information contained in the presentence report (PSR) and the testimony of a law enforcement officer showing that one of the main purposes for maintaining her residence was the distribution of methamphetamine.  *See United States v. Haines*, 803 F.3d 713, 745 (5th Cir. 2015); *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995); *see also* § 2D1.1(b)(12).  None of the evidence offered by Walter justifies a conclusion that the district court's determination that drug dealing was a principal use of the premises is implausible "in light of the record as a whole" or creates "the definite and firm conviction that a mistake has been committed."  *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks and citation omitted).

Additionally, Walter fails to establish that the district court clearly erred because it assigned her base offense level on the basis of what she sees as improperly extrapolated drug quantity.  *See* U.S.S.G. § 2D1.1(a)(5), (c)(2).  In estimating drug quantity, a court "may extrapolate the quantity from any information that has sufficient indicia of reliability to support its probable accuracy."  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted); *see also United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012).  Given the unrebutted information contained in the PSR and its second addendum pertaining to the purity rates of four test samples obtained from Walter's ultimate supplier, the district court did not clearly err in determining that Walter's methamphetamine was of like purity and in determining total quantity on that basis.  *See Valdez*, 453 F.3d at 267.

Walter's claim that the 240-month sentence—a variance below the guidelines sentencing range of 360 to 480 months—is substantively unreasonable is without merit.  The district court made it clear that the

No. 16-10645

sentence was selected in light of the factors set forth in 18 U.S.C. § 3553(a).  In reviewing a variance, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Duarte*, 569 F.3d 528, 531 (5th Cir. 2009).  Walter has provided us with no basis for disturbing the district court's exercise of discretion in evaluating the § 3553(a) factors.  *See Gall*, 552 U.S. at 51.

AFFIRMED.