# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10399

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ANTHONY DALE FOULKS,

Defendant – Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:

Anthony Dale Foulks pleaded guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine. The district court sentenced him to 185 months in prison, and he now appeals.

In his sole point of error, Foulks argues that the district court erred by imposing a two-level enhancement pursuant to § 2D1.1(b)(5) of the United States Sentencing Guidelines, which applies if, inter alia, the offense "involved the importation of . . . methamphetamine." We review the application of the Guidelines de novo and factual findings for clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir.), *cert. denied*, 133 S. Ct. 623 (2012).

In *United States v. Rodriguez*, 666 F.3d 944, 946 (5th Cir. 2012), we explained that "[t]he scope of actions that 'involve' the importation of drugs is

larger than the scope of those that constitute the actual importation." We concluded that the defendant's "proximity, familiarity, and repeated business with the importers justifie[d] the enhancement." *Id.* at 946-47. Based on *Rodriguez*, Foulks argues that the enhancement applies only if a defendant has "proximity, familiarity, and repeated business with the importers." However, *Rodriguez* did not hold that these factors were required.

More importantly, in *Serfass* we held that the enhancement applied to a defendant who possessed and distributed imported methamphetamine, even absent any showing that he knew it was imported. *See* 684 F.3d at 549-50, 553 ("[A] defendant who possesses methamphetamine that had itself been unlawfully imported is subject to the enhancement, whether or not he knew of that importation."). Furthermore, we applied the enhancement even though the person from whom the defendant purchased the methamphetamine had not personally imported it. *See id.* at 553-54. We now make explicit what was at least implied in *Serfass*, and what has been recognized in at least two of our subsequent unpublished opinions and by the Ninth Circuit: distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement. *See United States v. Rodden*, 481 F. App'x 985, 985 (5th Cir. 2012) ("The fact that the methamphetamine was imported was enough to warrant the enhancement."); *United States v. Castillo*, 536 F. App'x 500, 501 (5th Cir. 2013); *United States v. Biao Huang*, 687 F.3d 1197, 1206 (9th Cir. 2012) ("[A] defendant need not be personally involved in the importation of illegal drugs to receive an enhancement under § 2D1.1(b)(5); it is enough for the government to show that the drugs were imported."). Because the methamphetamine Foulks possessed was imported from Mexico, the enhancement was properly applied. The judgment of the district court is AFFIRMED.