# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAYMIE LYNN SELLERS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-100-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.
PER CURIAM:[*]

Jaymie Lynn Sellers appeals the 210-month, below-guidelines sentence imposed following her guilty plea to conspiracy to possess with intent to distribute methamphetamine. She contends that her sentence is both procedurally and substantively unreasonable. We look first to determine whether the district court procedurally erred, and then we consider the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantive reasonableness of the sentence in light of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Sellers argues that the district court erred when it extrapolated an average 92.2 percent purity rate for all of the methamphetamine for which it held her accountable because the lab report on which the presentence report (PSR) relied lacked sufficient indicia of reliability. We disagree. The district court was permitted to consider the information contained in the PSR and to extrapolate the drug quantity on which to base Sellers's sentence. *See United States v. Alaniz,* 726 F.3d 586, 618 (5th Cir. 2013); *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). Given the unrebutted information contained in the PSR pertaining to the purity rates of the tested samples and the PSR's statement that Sellers had a single source of supply, the district court did not clearly err in determining that all the methamphetamine involved in the conspiracy had a similar purity rate. *See Valdez*, 453 F.3d at 267; *see also United States v. Rodriguez*, 666 F.3d 944, 946-47 (5th Cir. 2012).

Next, our decision in *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 135 S. Ct. 219 (2014), forecloses Sellers's challenge to the U.S.S.G. § 2D1.1(b)(5)(A) enhancement, which applies when the offense involves imported methamphetamine. Her challenge to the four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) based on her role in the offense is also unavailing. The PSR contained information derived from Sellers's cell phone and home which demonstrated that Sellers had decision making authority; that she planned and organized the conspiracy; that the nature and scope of her conduct in the conspiracy was central, given that the methamphetamine from Mexico came first to Sellers, who then distributed it on to others in the conspiracy; and that she had control over where and to whom the methamphetamine would be delivered. *See* § 3B1.1, comment. (n.4).

No. 14-10021

As such, she has failed to show that the district court's finding was clearly erroneous. *See United States v. Marquez*, 685 F.3d 501, 508-09 (5th Cir. 2012); *United States v. Curtis*, 635 F.3d 704, 720 n.57 (5th Cir. 2011).

Finally, we reject Sellers's challenge to the substantive reasonableness of her sentence. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Sellers has failed to demonstrate that her below-guidelines sentence is substantively unreasonable. *See United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).

AFFIRMED.