# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2015

Lyle W. Cayce
Clerk

No. 14-40262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTINA FRUCTUOSO MARTINEZ, also known as Jessica Garza Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-244-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Christina Fructuoso Martinez appeals her 162-month sentence following her guilty plea to conspiracy to possess with intent to manufacture and distribute methamphetamine. Martinez argues that the district court erred in its drug quantity calculation and by applying a two-level enhancement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine.

We review factual findings of the quantity of drugs involved in a crime for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The clear error standard of review "only requires a factual finding to be plausible in light of the record as a whole." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2001). The record indicates that two weeks before her arrest, Martinez delivered two ounces of methamphetamine to a confidential informant in a transaction arranged by the operators of the stash house. Afterwards, she was observed entering the stash house. She led an undercover agent and a confidential informant to the location of their meeting with a codefendant; at that meeting, the specifics of the transaction here at issue were arranged. On the day of her arrest, Martinez was already present at the stash house when a codefendant, an undercover agent, and a confidential informant arrived there to conduct the transaction, and she watched as the informant tested the quality of the methamphetamine. In light of the record as a whole, it is certainly plausible that Martinez was directly involved in the transaction at the stash house or that the methamphetamine found there was reasonably foreseeable to her as a participant in a jointly undertaken criminal activity. The district court therefore did not clearly err in determining that Martinez was responsible for the additional 11.14 kilograms. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994); U.S.S.G. § 1B1.3(a)(1)(B). Our decision in *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 135 S. Ct. 219 (2014), forecloses Martinez's challenge to the § 2D1.1(b)(5) enhancement.

AFFIRMED; MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO SUPPLEMENT RECORD DENIED.