# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY MADRIGAL,

Defendant-Appellant

Cons. w/No. 15-11275

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD MADRIGAL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CR-11-1
USDC No. 2:15-CR-70-1

No. 15-11273
c/w No. 15-11275

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Richard Madrigal, also known as Ricky Madrigal, pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced Madrigal to 262 months of imprisonment followed by a 5-year term of supervised release. Immediately after sentencing, Madrigal pleaded "true" to having violated the terms of his supervised release in a prior criminal case. The district court revoked his supervised release and sentenced him to 12 months of imprisonment to run consecutively to the sentence imposed in the conspiracy case.

On appeal, Madrigal challenges the district court's application of the importation enhancement under U.S.S.G. § 2D1.1(b)(5). Madrigal argues that there is no evidence, direct or inferential, that he had knowledge that the methamphetamine attributed to him came from Mexico. He further argues that the enhancement should not apply because any importation did not constitute relevant conduct under U.S.S.G. § 1B1.3.

Madrigal also appealed the revocation judgment, but his appellate brief does not present any challenge to the revocation of his supervised release or the resulting sentence. As such, he has waived any argument he may have had on appeal with respect to revocation. *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11273
c/w No. 15-11275

The Government has moved for summary affirmance asserting that Madrigal's challenges to the applicability of § 2D1.1(b)(5) are foreclosed by *United States v. Serfass*, 684 F.3d 548 (5th Cir. 2012) and by *United States v. Foulks*, 747 F.3d 914 (5th Cir. 2014). This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010). Madrigal does not concede that his arguments are foreclosed; therefore, summary affirmance is not appropriate here.

Under § 2D1.1(b)(5), a two-level upward adjustment should be assessed if the offense of conviction "involved the importation of amphetamine or methamphetamine." This court has held that the enhancement applies "regardless of whether the defendant had knowledge of that importation." *Serfass*, 684 F.3d at 552. Therefore, the Government was under no obligation to show that Madrigal knew or should have foreseen that the methamphetamine was imported. *See Serfass*, 684 F.3d at 551-53; *see also Foulks*, 747 F.3d at 915. Although Madrigal argues that *Serfass* was wrongly decided, one panel of this court cannot overrule a decision made by a prior panel absent en banc consideration, a change in relevant statutory law, or an intervening decision by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

As for Madrigal's argument that the enhancement should only be applied if the importation qualifies as relevant conduct under § 1B1.3, this court has held that "distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement." *Foulks*, 747 F.3d at 915 (citations omitted).

No. 15-11273
c/w No. 15-11275

Because the methamphetamine Madrigal possessed was imported from Mexico, the enhancement was properly applied. *See id.*

The judgments of the district court are AFFIRMED. The Government's motion for summary affirmance is DENIED and its alternative motion for an extension of time to file an appellate brief is DENIED as unnecessary.