# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-11544
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KACEY CROXTON,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-119-2

————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Kacey Croxton pleaded guilty to conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine.  After granting the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1, the district court sentenced Croxton below the applicable guidelines range to 180 months of imprisonment, to be followed by three years of supervised release.  She now appeals her sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11544

Croxton challenges the district court's application of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5).  Croxton does not dispute that the methamphetamine in this case was imported from Mexico, but rather, she asserts that no evidence established that she knew that the drugs had been imported, as required by the Guideline.  She further argues that the enhancement should not apply because any importation did not constitute relevant conduct under U.S.S.G. § 1B1.3.  We review these arguments for plain error only as Croxton did not preserve the issue in the district court.  *See United States v. Benitez*, 809 F.3d 243, 248-49 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1694 (2016).

This court has held that the § 2D1.1(b)(5) enhancement applies "regardless of whether the defendant had knowledge of that importation." *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).  Thus, Croxton's argument that she had no knowledge of the importation of the drugs is foreclosed by binding precedent which we decline to revisit herein.  *Id.*; *see also United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002) (holding that a panel of this court may not overrule a decision made by a prior panel absent en banc consideration, a change in relevant statutory law, or an intervening decision by the Supreme Court).  As for Croxton's argument that the enhancement should only be applied if the importation qualifies as relevant conduct under § 1B1.3, this court has held that "distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement." *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).  Because the methamphetamine Croxton possessed was imported from Mexico, the enhancement was properly applied.  *See id*.

No. 16-11544

Croxton also argues that her sentence is substantively unreasonable because the Guideline governing trafficking of methamphetamine, U.S.S.G. § 2D1.1, is not empirically based and produces sentencing ranges that are overly severe and that do not fulfill the goals of 18 U.S.C. § 3553(a). We review this argument, which is raised for the first time on appeal, for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Croxton's contention that the district court should have taken into account the empirical basis for the methamphetamine Guideline is foreclosed. *See, e.g., United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). Furthermore, her general disagreement with the propriety of the sentence imposed does not suffice to show substantive unreasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.