# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11515
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS VALDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-16

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carlos Valdez pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court imposed, *inter alia*, a within-Guidelines sentence of 57 months' imprisonment. Valdez challenges the court's application of a sentencing enhancement under Guideline § 2D1.1(b)(5) for importation of "liquid methamphetamine", and its rejection of a "minor participant" role reduction under Guideline § 3B1.2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11515

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A minor-participant decision is a factual finding. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Regarding the assertion that the court erred in finding Valdez was not a minor-participant, the court was "not required to expressly weigh each factor" listed in the commentary to Guideline § 3B1.2. *Id.* at 209 (citing U.S.S.G. § 3B1.2). Implicit consideration of the factors is sufficient where the court's finding is plausibly supported by the record. *Id.* In the light of Valdez' level of involvement in the brokerage and distribution of a substantial amount of methamphetamine, his actions to obtain customers for the conspiracy, and the remuneration he received, the court's finding against a minor-participant reduction was plausible based on the record. Therefore, the court did not clearly err in finding Valdez did not qualify as a minor participant in the conspiracy. *See id.* at 209–10.

As for Valdez' other contention, Guideline § 2D1.1(b)(5)'s importation enhancement applies if the offense involved (1) the importation of "methamphetamine", or (2) the manufacture of methamphetamine from "listed chemicals" defendant knew were imported unlawfully. *United States v. Serfass*, 684 F.3d 548, 550–52 (5th Cir. 2012) (distinguishing "listed chemicals" from the "end product" of "methamphetamine"). Therefore, knowledge of the

importation is required only if the conviction is based on listed chemicals, rather than the end product of methamphetamine. *See id.* at 551–52.

Valdez maintains the "liquid methamphetamine", for which he was convicted, is a precursor chemical rather than an end product of manufactured methamphetamine because it had not yet been crystalized at the time of importation. Valdez, however, takes *Serfass* out of context; our court has not distinguished between liquid and crystalline methamphetamine for the purpose of Guideline § 2D1.1(b)(5). *See Serfass*, 684 F.3d at 551–52; *see also* § 2D1.1(b)(5) cmt. n.8(D) (listing chemicals involved the manufacture of methamphetamine). Accordingly, the court properly applied the first portion of § 2D1.1(b)(5), determining Valdez' conspiracy involved the importation of methamphetamine, not precursor chemicals.

In the light of the foregoing, Valdez' other challenges to § 2D1.1(b)(5) are also unavailing. Because his conviction was for liquid methamphetamine, it is immaterial whether there was any evidence of Valdez' knowledge of the importation. *Serfass*, 684 F.3d at 551—53. In addition, despite Valdez' assertion there was insufficient evidence of his relevant conduct in regard to the importation, we have held, as here, "possession with intent to distribute . . . imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement". *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). Finally, Valdez' due-process challenge also fails, based on our court's precedent. *See Serfass*, 684 F.3d at 553 (rejecting the contention that imposition of the enhancement without a defendant's knowledge of importation violated due process).

AFFIRMED.