# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY FRIE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-13

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Bobby Frie, Jr., pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced below the advisory guidelines range to 340 months of imprisonment and a five-year term of supervised release.  On appeal, Frie challenges the drug quantity attributed to him in the presentence report and the application of the two-level U.S.S.G. § 2D1.1(b)(5) importation enhancement.  He correctly concedes that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the latter argument is foreclosed under our case law, because the Government is under no obligation to demonstrate that Frie knew or should have foreseen that the methamphetamine was imported. *See United States v. Foulks*, 747 F.3d 914, 914-15 (5th Cir. 2014); *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

In determining whether the district court arrived at an appropriate sentence, we first consider, relevant here, whether the district court committed any significant procedural error "such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's determination of drug quantity for purposes of sentencing is a factual finding that is generally reviewed for clear error, meaning that it will be upheld unless it is not plausible in light of the entire record. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

Frie contends that the district court erred by accepting the information in the presentence report regarding the drug quantity attributable to him, as the information was not sufficient to support the stated quantity and the information lacked sufficient indicia of reliability. However, the Government presented testimony at sentencing to corroborate the drug quantities listed in the presentence report, which the district court found credible.

The only rebuttal evidence Frie offered was the result of a polygraph test which indicated that he was truthful when denying the drug quantities attributed to him. The district court did not find this evidence to be reliable. Polygraph evidence is not without controversy. *See United States v. Scheffer*, 523 U.S. 303, 309 (1998) ("[T]here is simply no consensus that polygraph evidence is reliable."). Frie's polygraph report in particular lacks information which would indicate its reliability. The report provides no information as to the polygraph operator's qualifications or credentials, other than stating the

operator's Texas licensure number, nor does it include any specific explanation as to the methods used by the examiner or how those methods were applied to obtain the result.  Despite having the opportunity to do so, Frie presented no live testimony or affidavits which would fill in these gaps and demonstrate the report's reliability.

As the district court's factual finding as to drug quantity was plausible in light of the record as a whole, Frie has not demonstrated clear error.  *See Alaniz*, 726 F.3d at 618.

AFFIRMED.