# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PASILLAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-20

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A jury convicted Juan Pasillas of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(A). The court sentenced Pasillas to 360 months of imprisonment and five years of supervised release, and Pasillas filed a timely notice of appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11770

Pasillas argues that (1) the evidence was insufficient to convict him of conspiracy to possess methamphetamine with intent to distribute, (2) this court should reverse and remand for a new trial because significant and substantial portions of the record are missing, and (3) the district court erred by imposing a two-level enhancement for possession of imported methamphetamine.

This court reviews a challenge to sufficiency of the evidence de novo. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). This review is "highly deferential to the verdict." *Id.* (citations omitted). "[V]iewing the evidence in the light most favorable to the prosecution," we consider whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citations omitted). To prove a criminal conspiracy, the Government has the burden of proving beyond a reasonable doubt that (1) an agreement to violate the law existed and (2) each conspirator knew of, intended to join, and voluntarily participated in the conspiracy. *Id.*; *see United States v. Maseratti*, 1 F.3d 330, 336, 337 (5th Cir. 1993). Though a mere buyer-seller relationship does not alone demonstrate that one is a co-conspirator, evidence of buying and selling activity is probative of whether a defendant intended to join the conspiracy by redistributing the illegal substance. *See Masaratti*, 1 F.3d at 336. Here, presented with evidence of the quantity and frequency of Pasillas methamphetamine purchases and expert testimony that Pasillas's wire-tapped phone calls with his supplier demonstrated his intention to distribute this methamphetamine to other customers, a rational trier of fact could have determined that Pasillas knew of, intended to join, and voluntarily participated in an agreement to possess and distribute methamphetamine. *See id.*

2

No. 16-11770

Second, Pasillas argues that this court should reverse and remand for a new trial because the court reporter's record is incomplete. Under the Court Reporter Act (CRA), a court reporter "shall . . . record[] verbatim . . . all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b). When "a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record . . . is sufficient to mandate reversal." *United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977). Here, however, the omitted material is not substantial or significant, but rather "administrative in nature." *United States v. Gieger*, 190 F.3d 661, 667 (5th Cir. 1999). Therefore, a reversal is not warranted because the record is "merely technically incomplete." *Selva,* 559 F.2d at 1306 n.5.

Third, Pasillas argues that an enhancement under U.S.S.G. § 2D1.1(b)(5) is not warranted without the offender's knowledge that the distributed methamphetamine was imported. However, he acknowledges that this issue is foreclosed by *United States v. Foulks*, 747 F.3d 914 (5th Cir. 2014). Therefore, the district court did not err by applying the enhancement. *See id.* at 915.

Pasillas's conviction and sentence are AFFIRMED.