# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

——————

No. 17-10115
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DREW JUSTICE WINDSOR, also known as Justice Windsor,

Defendant-Appellant

——————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-18

——————————————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Drew Justice Windsor pleaded guilty to conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine.  He now appeals his sentence.

The district court did not clearly err by applying the dangerous weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The district court's

——————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10115

finding that Windsor's coconspirator used an incorrect date in asserting that she frequently saw Windsor with a gun during drug deals is plausible in light of her assertion that she had known Windsor for two years prior to her arrest. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014).  Windsor does not re-urge and therefore waives his argument challenging two witness statements that bolstered the co-conspirator's assertion.  *See United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005).

Additionally, because the methamphetamine that Windsor received from the coconspirator had been imported from Mexico, the district court did not err by applying the § 2D1.1(b)(5) enhancement, regardless of whether he knew it was imported.  *See United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012). His contention that the importation should have to constitute relevant conduct under U.S.S.G. § 1B1.3 does not establish error in the application of the § 2D1.1(b)(5) enhancement.  *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).

Finally, Windsor's within-guideline sentence is entitled to a presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 341 (2007).  His argument that the 18 U.S.C. § 3553(a) sentencing factors fail to account for prevailing notions of what society deems a fair sentence amounts to a general disagreement with the propriety of the sentence imposed and does not suffice to show substantive unreasonableness.  *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.

2