# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FERNANDEZ-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-130-3

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Fernandez-Guzman was convicted of a single count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), and was sentenced to 168 months in prison. Fernandez-Guzman appeals his sentence.

On appeal, Fernandez-Guzman contends that the district court erred by not granting a minor-role adjustment under U.S.S.G. § 3B1.2. He asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he merely helped others in delivering methamphetamine on one instance and did not negotiate or arrange the delivery. We review findings of fact, including whether a § 3B1.2 adjustment is warranted, for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* A defendant must establish by a preponderance of the evidence his entitlement to a § 3B1.2 adjustment. *See United States v. Castro*, 843 F.3d 608, 612-13 (5th Cir. 2016); *United States v. Torres-Hernandez*, 843 F.3d 203, 209-10 (5th Cir. 2016).

The district court's denial of a § 3B1.2 adjustment was plausible in light of the whole record. *See Villanueva*, 408 F.3d at 203. Fernandez-Guzman had no automatic right to an adjustment merely because he was not a mastermind of the crime, *see United States Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016), and his role as a courier is not determinative, *see Castro*, 843 F.3d at 612-13; *Torres-Hernandez*, 843 F.3d at 210. He had to show by a preponderance of the evidence the culpability of the average participant in the criminal activity and that he was substantially less culpable than that participant. *See Castro*, 843 F.3d at 613; § 3B1.2 comment. (n.3(A). Fernandez-Guzman did not show the level of culpability of the average participant in the offense, establish his own relative level of culpability, or otherwise demonstrate that he did so much less than other participants that he was peripheral to the advancement of the illicit activity. *See Castro*, 843 F.3d at 613; *United States v. Martinez-Larraga,* 517 F.3d 258, 272 (5th Cir. 2008). Accordingly, the district court did not clearly err in denying the adjustment. *See Villanueva*, 408 F.3d at 203; *Castro*, 843 F.3d at 613.

Fernandez-Guzman also argues that the district court erred in assessing a two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(5) on the basis that the offense involved the importation of methamphetamine. He asserts that he had

no knowledge of any importation and, moreover, there was no direct evidence that the methamphetamine involved in the offense was imported.  We review for clear error the district court's factual finding that the offense involved the importation of methamphetamine.  *See United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

We have held that an adjustment under § 2D1.1(b)(5) applies regardless of whether the defendant had knowledge of the importation.  *Id.* at 552; *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).  Thus, Fernandez-Guzman's claim that the adjustment was wrongly applied because he did not know that the methamphetamine came from Mexico is foreclosed.  *See Serfass*, 684 F.3d at 550; *Foulks*, 747 F.3d at 915.  We must follow our prior precedent absent an intervening Supreme Court or en banc decision or a change in statutory law. *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

The record otherwise reflects that application of the adjustment was not clear error.  *See Serfass*, 684 F.3d at 550.  The district court plausibly could have inferred based on the facts in the presentence report, which Fernandez-Guzman failed to rebut or show to be unreliable, that the methamphetamine in this case was imported from Mexico.  *See id.*; *Foulks*, 747 F.3d at 915; *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

AFFIRMED.