# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10689
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE BERNARD ELLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-176-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ronnie Bernard Ellis appeals his 320-month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. Ellis contends that the district court erred by finding that the offense involved the importation of methamphetamine for the purposes of applying a two-level enhancement to his offense level pursuant to U.S.S.G. § 2D1.1(b)(5) because there was insufficient evidence connecting him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10689

to methamphetamine imported from Mexico. We review the district court's factual determination that Ellis's offense involved the importation of methamphetamine for clear error. *See United States v. Serfass*, 684 F.3d 548, 550, 553-54 (5th Cir. 2012).

The two-level § 2D1.1(b)(5) enhancement applies if "the offense involved the importation of amphetamine or methamphetamine" and the defendant does not receive a mitigating role adjustment. Considering the record as a whole, the district court plausibly inferred that the methamphetamine involved in the offense had been imported from Mexico. *See id.* at 550, 553-54. Accordingly, the district court did not clearly err by applying the § 2D1.1(b)(5) enhancement. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).

AFFIRMED.