# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2021

Lyle W. Cayce
Clerk

No. 20-10540
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS MORA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-17

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Carlos Mora appeals the 180-month, below-guidelines sentence imposed by the district court following his guilty-plea conviction for conspiring to possess with intent to distribute a controlled substance. "Sentences based upon erroneous and material information or assumptions

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

violate due process." *United States v. Gentry*, 941 F.3d 767, 788 (5th Cir. 2019) (internal quotation marks and citation omitted), *cert. denied sub nom. Bounds v. United States*, 140 S. Ct. 2731 (2020). We review sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts." *Id.* Next, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . , tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

However, when a defendant fails to preserve his argument by raising it in the district court, plain error review applies. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010). Under plain error review, we determine whether there was a clear or obvious legal error which affected the defendant's substantial rights. *Puckett*, 556 U.S. at 135. If the defendant makes this showing, we have the discretion to remedy the error but should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal brackets, quotation marks, and citation omitted).

While Mora's arguments before the district court may have preserved a substantive reasonableness argument relating to U.S.S.G. § 3B1.2, he did not preserve the instant procedural argument challenging the miscalculation of his guidelines range based upon the denial of a § 3B1.2(b) minor-role reduction; accordingly, we review his procedural challenge for plain error only. *See Puckett*, 556 U.S. at 135; *Gall*, 552 U.S. at 51. As Mora does not even attempt to meet the plain error standard, he has abandoned any such contention. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). In any event, Mora cannot show error, plain or

otherwise. *See Puckett*, 556 U.S. at 135; *United States v. Castro*, 843 F.3d 608, 612-14 (5th Cir. 2016).

Mora properly concedes that his challenge to the U.S.S.G. § 2D1.1(b)(5) enhancement based on his lack of involvement with, or knowledge of, the drug importation is foreclosed. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014); *United States v. Serfass*, 684 F.3d 548, 550-53 (5th Cir. 2012). We review for plain error his contention, raised for the first time on appeal, that the Government failed to proffer sufficient evidence showing that the methamphetamine at issue was imported. *See Puckett*, 556 U.S. at 135. Once again, Mora does not even attempt to satisfy the applicable standard of review, and he has therefore abandoned any argument that the district court committed plain error. *See Yohey*, 985 F.2d at 224-25; Fed. R. App. P. 28(a)(8). In any event, Mora cannot show error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

We likewise review for plain error Mora's arguments that the district court violated his due process rights, and imposed a procedurally and substantively unreasonable sentence, by adopting the finding contained in the presentence report (PSR) that the methamphetamine for which he was held responsible was 97.8% pure. *See United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016). "[D]istrict courts may extrapolate the quantity of drugs from any information that has sufficient indicia of reliability to support its probable accuracy, and may consider estimates of the quantity of drugs for sentencing purposes." *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (internal brackets, quotation marks, and citation omitted). Moreover, "sentencing courts are permitted to extrapolate the nature and quantity of drugs involved in an offense based on lab reports that tested only a sample of the overall quantity." *Id.* "A [PSR] generally bears sufficient indicia of reliability to be considered as evidence," and, [i]n the absence of rebuttal evidence, a sentencing court may properly rely on the PSR and adopt the PSR's factual

findings as its own." *United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017).

Contrary to Mora's assertions, a district court's drug-quantity determination may be based on an extrapolation of purity from a limited number of samples when, as here, those samples were obtained from the same source as the remaining drugs. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012). Further, Mora cites no evidence showing that the purity level of the methamphetamine for which he was held responsible was below 80%, as would be required to change his base offense level. *See id.*; § 2D1.1(c)(1) & Note (C). Given the failure of Mora's purity arguments, we need not address his contention that the district court erred by including a 20.4 kilogram shipment of methamphetamine in the drug-quantity calculation; the error, even if proven, would not affect the applicable guidelines range and would therefore be harmless. *See United States v. Chon*, 713 F.3d 812, 822 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.