# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 20-11072
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AARON CHRISTOPHER PENA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-14

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Aaron Christopher Pena pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. He contends on appeal that, because there was no evidence that he knew the methamphetamine had been imported, the district court erred by imposing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11072

an imported methamphetamine enhancement. *See* U.S.S.G. § 2D1.1(b)(5). Pena concedes that this argument is foreclosed by circuit precedent, and that he raises it only to preserve it for further review. *See United States v. Serfass*, 684 F.3d 548, 552-53 (5th Cir. 2012); *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).

Pena also challenges the amount of methamphetamine attributed to him for sentencing purposes. He admits, however, that in addition to the methamphetamine seized when he was arrested, he had purchased approximately two pounds of that drug from his supplier over the previous several months.

To determine the amount of methamphetamine actually involved in those additional purchases, the district court extrapolated an average purity level from other drug seizures that allegedly originated from a common higher-level supplier. Pena contends that the facts set out in the presentence report do not show that the other methamphetamine he purchased originated from that same higher-level supplier or that those tested drug samples had a purity level similar to the methamphetamine that he purchased.

"The district court's calculation of the quantity of drugs involved in an offense is a factual determination" that is "entitled to considerable deference and will be reversed only if [it is] clearly erroneous." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* Furthermore, a district court may adopt a PSR's drug quantity finding "without further inquiry *if* those facts have an adequate evidentiary basis with sufficient indicia of reliability *and* the defendant does not present rebuttal evidence." *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)) (emphasis in original).

No. 20-11072

Pena has not shown that (1) the district court's reliance on the PSR's calculation of the purity level for the unseized methamphetamine, or (2) its resulting determination of the amount of methamphetamine (actual) attributed to him, were clearly erroneous. The PSR's calculation was based on the charging document, factual resume, and investigative material compiled by the Federal Bureau of Investigation and the Drug Enforcement Agency. Those investigative materials were "verified and supplemented by" a DEA task force officer. *See United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (ruling that a PSR contained sufficient indicia of reliability when the probation officer "cited several investigative methods used in preparing" it). Neither has Pena presented any rebuttal evidence indicating that the facts contained in the PSR or the conclusions drawn therefrom are false. Based on the investigative reports in the record, we conclude that the district court did not clearly err in extrapolating a purity level from those other seizures and applying it to the methamphetamine that Pena admitted purchasing.

AFFIRMED.