# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2022

Lyle W. Cayce
Clerk

No. 22-40262
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Angel Cobos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:21-CR-25-1

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Miguel Angel Cobos pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 5 kilograms or more of cocaine. The district court departed below the guidelines range, sentencing him to 183 months of imprisonment. Cobos

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appealed.  He now moves to seal several filings in this court.  We grant his motion. *See* Fed. R. App. P. 25(a); Fed. R. Crim. P. 49.1(d).

As for the merits of his appeal, Cobos first argues that the district court erred when it calculated his base offense level using the Sentencing Guidelines multiplier for actual methamphetamine instead of that for a methamphetamine mixture.  He contends that the multiplier is arbitrary and irrational, in violation of his constitutional rights to equal protection and due process.  As we have previously explained, the multiplier is not irrational or arbitrary and, as a result, does not violate a defendant's constitutional rights. *See United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006).

Cobos next contends that his sentence is substantively unreasonable because the district court ignored 18 U.S.C. § 3553(a)(6), which instructs sentencing courts to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  We review a preserved challenge to the substantive reasonableness of a sentence for abuse of discretion, *see United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011), and we presume that a sentence below the applicable guidelines range is substantively reasonable, *see United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).  Here, the district court stated that it had considered the § 3553(a) factors when fashioning Cobos's sentence, and Cobos fails to show that his sentence actually represents an unwarranted disparity with similarly situated defendants.  He accordingly has not overcome the presumption of reasonableness afforded to his below-guidelines sentence. *See id.*

Finally, Cobos challenges the district court's application of a two-level importation enhancement under U.S.S.G. § 2D1.1(b)(5) because (1) he did not import the methamphetamine, (2) he did not know the drugs were imported, and (3) the evidence did not establish that the methamphetamine

was imported.  As Cobos concedes, the first two arguments are foreclosed by our precedent.  *See United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012); *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014).  As for his challenge to the evidentiary support for the enhancement, the factual basis that Cobos signed and the presentence report provide sufficient evidence indicating that the methamphetamine was imported from Mexico.  *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The motion to seal is GRANTED, and the judgment of the district court is AFFIRMED.