# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2019

Lyle W. Cayce
Clerk

No. 19-20031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELIO PALACIOS DOMINGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-143-5

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Angelio Palacios Dominguez appeals his sentence for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and aiding and abetting possession with intent to distribute 500 grams or more of methamphetamine. The conspiracy in this case involved two drug transactions that occurred on October 23, 2017: the first involved approximately one kilogram of methamphetamine, and during the second, Palacios Dominguez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20031

delivered approximately nine kilograms of methamphetamine.  The district court imposed concurrent 220-months terms of imprisonment, below the sentencing guidelines range, and concurrent five-year terms of supervised release.  On appeal, Palacios Dominguez challenges the application of the importation enhancement and the denial of a mitigating role adjustment.

Although the Government argues that review is for plain error because Palacios Dominguez raises a different argument challenging the importation enhancement than what he presented to the district court, we need not determine the standard of review, as Palacios Dominguez cannot prevail even under the de novo standard of review.  *See United States v. Becerril-Pena*, 714 F.3d 347, 349 n.4 (5th Cir. 2013); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  To the extent that Palacios Dominguez contends that the district court misapplied or misinterpreted the Guidelines when it imposed the U.S.S.G. § 2D1.1(b)(5) enhancement, this court's review is de novo.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Section 2D1.1(b)(5) provides for a two-level enhancement if the offense involved the importation of methamphetamine and the defendant did not qualify under U.S.S.G. § 3B1.2 for a mitigating-role adjustment.  § 2D1.1(b)(5).  Palacios Dominguez argues that, for the importation enhancement to apply, the importation should have to constitute relevant conduct under U.S.S.G. § 1B1.3.  Because the methamphetamine involved in the offense was imported from Mexico, Palacios Dominguez has not established that the district court erred by applying the § 2D1.1(b)(5) enhancement on the grounds that he did not know the methamphetamine involved in the offense was imported or the importation of the methamphetamine did not constitute relevant conduct.  *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014); *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

No. 19-20031

With regard to the denial of a minor role adjustment, the district court found that Palacios Dominguez was not entitled to the adjustment because he was an average participant. *See* U.S.S.G. § 3B1.2; *see also United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017). A minor participant is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2, comment. (n.5).

Palacios Dominguez argues that the district court erred by relying on the quantity of methamphetamine delivered by Palacios Dominguez, the intercepted texts and phone calls, and the fact that Palacios Dominguez possessed additional drugs. Instead, he argues, the evidence shows that he lacked an ownership interest and decision-making authority. However, the issue turns on his culpability relative to the other participants. *See United States v. Torres-Hernandez*, 843 F.3d 203, 208-09 (5th Cir. 2016). Palacios Dominguez offered no evidence establishing his participation or the participation of others, *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001), and he failed to demonstrate clear error in the district court's finding that he was an average participant. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

The district court's judgment is AFFIRMED.