# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 20-10748
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARC BLANE BACCUS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-17

Before BARKSDALE, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Marc Blane Baccus pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines term of 235-months'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment. Baccus contends the court erred by: refusing to reduce his offense level under Guideline § 3B1.2 (mitigating role); applying a two-level sentencing enhancement pursuant to Guideline § 2D1.1(b)(5) (importation of methamphetamine); and refusing to vary downward from the Guidelines range because his offense level was based on the empirically flawed assumption that methamphetamine purity shows an enhanced role in an offense.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A court's application of a mitigating-role reduction under Guideline § 3B1.2 is a factual finding, reviewed, as discussed above, only for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted). In that regard, defendant has the burden of showing, "by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity; and (2) . . . [defendant] was substantially less culpable than that participant". *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted). Baccus has not shown the requisite clear error. He was entrusted as a courier with a large quantity of methamphetamine and, further, acted as a distributor. *See, e.g.*, *United States v. Kearby*, 943 F.3d 969, 978 (5th Cir. 2019) (affirming denial of role adjustment and explaining purchase and sale of a drug is "part and parcel of a drug conspiracy"); *United*

*States v. Torres-Hernandez*, 843 F.3d 203, 204, 209–10 (5th Cir. 2016) (affirming denial of role adjustment where defendant physically transported marihuana within the United States as part of a distribution chain and was paid for his participation).

Regarding the court's overruling Baccus' objection to an enhancement under Guideline § 2D1.1(b)(5), he claims there was no showing he was aware the methamphetamine was imported. He concedes this issue is foreclosed. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (citing *United States v. Serfass*, 684 F.3d 548, 549–54 (5th Cir. 2012)). He presents the issue only to preserve it for possible further review.

Finally, Baccus maintains the court procedurally erred in refusing to vary downward from the Guidelines sentencing range because his enhanced base offense level, predicated on the imported methamphetamine's purity, is empirically unsound. Regardless of whether the Guidelines are empirically based, it is for the Sentencing Commission to alter or amend them. *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("[W]e will not reject a Guidelines provision as 'unreasonable' or 'irrational' simply because it is not based on empirical data and even if it leads to some disparities in sentencing."). Courts have discretion to vary from the Guidelines because of a policy disagreement, but they are not required to do so. *See United States v. Malone*, 828 F.3d 331, 338–39 (5th Cir. 2016). The court understood it could vary from the Guidelines, but declined.

AFFIRMED.