# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 29, 2021

Lyle W. Cayce
Clerk

No. 21-50197
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricky Rosa, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-162-1

Before Owen, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:*

Ricky Rosa, Jr. appeals his within-guidelines sentence of 324 months' imprisonment imposed for his conviction of possession with the intent to distribute fifty grams or more of actual methamphetamine. He argues that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50197

the district court incorrectly calculated both his total offense level and his criminal history score.

In addressing a preserved claim of procedural error, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Robinson*, 741 F.3d 588, 598-99 (5th Cir. 2014). Rosa's preserved challenge to his two-level enhancement under U.S.S.G. § 2D1.1(b)(5) is foreclosed because his offense involved the importation of methamphetamine. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (citing *United States v. Serfass*, 684 F.3d 548, 549-50, 553-54 (5th Cir. 2012)).

Because Rosa failed to object in the district court to the calculation of his criminal history score, we review his arguments under the plain error standard. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Rosa argues that the district court erred in calculating his criminal history score when it assessed him eight criminal history points, rather than the maximum of four, for his prior sentences under U.S.S.G. § 4A1.1(c). That argument is belied by the record. The district court assessed Rosa only four points, in compliance with § 4A1.1(c)'s four-point cap, in its final calculation. Thus, the district court did not plainly err in calculating Rosa's criminal history score under § 4A1.1(c). *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Rosa also argues that the district court erred under U.S.S.G. § 4A1.2(a)(2) and (c)(1) in its treatment of his prior sentence for failing to identify as a fugitive. Although the Texas offense of failure to identify may be similar to an offense listed in § 4A1.2(c)(1), the subsection dictates that the offense was properly counted in calculating Rosa's criminal history score because the sentence of imprisonment was at least thirty days. *See* § 4A1.2(c)(1)(A). Accordingly, the district court did not plainly err when it

counted the failure to identify offense in Rosa's criminal history score. *See* § 4A1.2(c)(1)(A); *Puckett*, 556 U.S. at 135.

Lastly, Rosa asserts that the district court erred in calculating his criminal history score by failing to treat his sentences for failing to identify as a fugitive and driving while intoxicated as a "single sentence" under § 4A1.2(a)(2). Because these offenses were separated by an intervening arrest, they were properly counted as separate sentences under § 4A1.2(a)(2). The district court did not plainly err in treating the sentences as separate sentences. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.