# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CADENA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-163

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Cadena pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. Following a contested sentencing hearing, the district court sentenced him to a term of imprisonment of 150 months, the middle of the guidelines range, to be followed by a supervised release term of four years. Cadena contends on appeal that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court clearly erred when it enhanced his sentence on the basis of U.S.S.G. § 2D1.1(b)(5) & (b)(12).

According to the presentence report (PSR), Cadena met Narcisco Rodriguez, his codefendant, in 2012. Soon thereafter, Cadena began supplying Rodriquez with quarter ounce quantities of cocaine for resale. In July 2013, a confidential source (CS) met Rodriguez at a gas station and purchased a quarter ounce of cocaine, that had been supplied by Cadena, with the expectation of conducting a larger transaction at a later date. Approximately two weeks later, Rodriguez agreed to sell one pound of methamphetamine to the CS. Although Rodriguez initially agreed to meet the CS at a second gas station, he changed his mind after speaking to Cadena, and the sale was cancelled. The next month, Rodriguez again agreed to sell one pound of methamphetamine to the CS and to conduct the transaction at the second gas station. Rodriguez and Cadena traveled to the gas station in different vehicles, and Cadena, who had supplied the methamphetamine, served as a lookout while Rodriguez completed the sale. When tested, the methamphetamine weighed 439.3 grams and was 98.6 percent pure. Given this quantity and purity, an FBI agent advised the probation officer that the methamphetamine was more likely than not imported from Mexico. The agent based his opinion on his training and experience and his conversations with the DEA.

Cadena's complaint about the district court's imposition of the two guideline enhancements is a challenge to the procedural reasonableness of his sentence. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). "[The] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted). Facts used to determine

No. 15-10406

a sentence must be supported "by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (internal quotation marks and citation omitted). As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld. *Id.* at 618.

Pursuant to U.S.S.G. § 2D1.1(b)(5), a two-level upward adjustment should be assessed if the offense of conviction "involved the importation of amphetamine or methamphetamine." We have held that this enhancement applies "regardless of whether the defendant had knowledge of that importation." *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

Cadena advances that the enhancement may only be applied if (1) importation qualifies as relevant conduct and (2) U.S.S.G. § 1B1.3 requires his personal involvement in the importation or his reasonable foreseeability that the methamphetamine would be or was imported. He contends that such requirements cannot be satisfied in this case. That argument is foreclosed by *Serfass*. 684 F.3d at 552; see *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (defendant need not know of or participate in importation) (citing *Serfass*, 684 F.3d at 549-50, 553-54).

Finally, Cadena insists that our decision in *Serfass* was wrongly decided. He should know, however, that one panel of this court is precluded from overruling a decision made by a prior panel absent en banc consideration, a change in relevant statutory law, or an intervening decision by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). The district court did not clearly err in applying the two-level enhancement under § 2D1.1(b)(5). *See Serfass*, 684 F.3d at 552.

Next, § 2D1.1(b)(12) authorizes a two-level enhancement if the defendant maintained a premises for the purpose of manufacturing or

distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. Cadena does not contest the district court's finding that he used an apartment for the receipt, storage, and distribution of cocaine. Rather, he argues that the district court erred in assessing the drug-premises enhancement because his distribution of cocaine was unrelated to his distribution of methamphetamine and thus did not qualify as relevant conduct under § 1B1.3.

In determining whether application of an enhancement is warranted, "a court may consider, as 'relevant conduct,' acts in addition to those underlying the offense of conviction." *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011). Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2). Factors to be considered in determining whether two offenses qualify as "the same course of conduct" or "a common scheme or plan" include similarity, regularity, and temporal proximity. § 1B1.3, cmt. n.9(B) (2014 ed.); *United States v. Culverhouse*, 507 F.3d 888, 896 (5th Cir. 2007). We review the district court's factual findings regarding a defendant's relevant conduct for clear error. *See United States v. Solis*, 299 F.3d 420, 461 (5th Cir. 2002).

The district court concluded that Cadena's distribution of cocaine qualified as relevant conduct because (1) Cadena and Rodriguez jointly agreed to distribute narcotics, including both cocaine and methamphetamine; (2) the sale of methamphetamine to the CS was part of that broader agreement; and (3) the joint distribution of narcotics occurred over three or four months, during which time Cadena supplied Rodriguez with cocaine on at least 10 occasions. Cadena misconstrues the record when he contends that the district court's findings are clearly erroneous because the methamphetamine transaction was

temporally distinct from his sales of cocaine to Rodriguez, and the offenses were dissimilar. Cadena supplied Rodriguez with the cocaine sold to the CS in July 2013. That sale was made with the expectation that a larger sale of cocaine would follow. One month later, Rodriguez negotiated the sale of the methamphetamine, which Cadena also supplied. Given the similarity and temporal proximity of the cocaine and methamphetamine sales to the CS, the district court's relevant conduct finding is not implausible in light of the record as a whole, s*ee Culverhouse*, 507 F.3d at 896, and application of the drug premises enhancement was not clearly erroneous.

AFFIRMED.