# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2022

Lyle W. Cayce
Clerk

No. 21-40623
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

YESENIA YVETTE ARMENDARIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-71-3

Before SOUTHWICK, HIGGINSON, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

Yesenia Yvette Armendariz appeals her 210–month sentence following her guilty plea and conviction of possession with intent to distribute 500 grams or more of methamphetamine. Armendariz argues that the district court erred when it increased her offense level by two levels pursuant to

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40623

U.S.S.G. § 2D1.1(b)(5), which applies if the offense involved the importation of methamphetamine. Specifically, Armendariz contends that the information contained within the presentence report ("PSR"), upon which the district court relied in applying this enhancement, was vague and uncorroborated.

We review de novo a district court's interpretation or application of the Sentencing Guidelines and its factual findings for clear error. *See United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015). "[I]n determining whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014) (internal quotation and citation omitted). Further, the district court may "adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).

A defendant's offense level may be increased by two levels if the Government shows by a preponderance of the evidence that the offense "involved the importation of . . . methamphetamine" and the defendant did not receive a mitigating role adjustment. § 2D1.1(b)(5); *see United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 378 (2021). The enhancement "applies when 'the offense involved the importation of . . . methamphetamine,' even if the defendant did not know that the methamphetamine was imported." *United States v. Serfass*, 684 F.3d 548, 554 (5th Cir. 2012) (quoting § 2D1.1(b)(5)).

Here, the PSR included sufficient evidence for the district court to rule, factually, that the methamphetamine Armendariz possessed was

imported. First, although Armendariz argues that the district court erred in relying on a statement obtained from the case agent and contained in the PSR that the methamphetamine was imported from Michoacan, Mexico, she has not offered any evidence to rebut this fact or demonstrate its unreliability. *See Cabrera*, 288 F.3d at 173-74.

Moreover, other information in the PSR further supports the district court's fact determination, including statements obtained from Armendariz and her co-defendants indicating that Armendariz took possession of 14 kilograms of 97-99%-pure methamphetamine which had been concealed in the tires of a Chevrolet Silverado. *See United States v.* Cadena, 642 F. App'x 306, 307-08 (5th Cir. 2016) (explaining that purity and quantity are factors to consider in determining whether methamphetamine is imported). Similarly, the PSR noted that Armendariz "corroborated" information from her co-defendant husband that several men from Michoacan, Mexico came looking for the drugs.

Accordingly, we cannot say the district court clearly erred in applying the two-level enhancement under § 2D1.1(b)(5).  *See Ramos-Delgado*, 763 F.3d at 400; *Serfass*, 684 F.3d at 554.


AFFIRMED.