# United States Court of Appeals for the Fifth Circuit

---

No. 22-50954
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Aceves-Ramirez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-116-1

---

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Luis Aceves-Ramirez pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of actual methamphetamine. He was sentenced to 236 months of imprisonment and five years of supervised release. He argues on appeal that the district court erred by applying a two-level enhancement to his offense level based on its finding that he sold methamphetamine imported from Mexico. *See* U.S.S.G. § 2D1.1(b)(5)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(providing for a two-level offense enhancement if "the offense involved the importation of . . . methamphetamine").

It is undisputed that Aceves-Ramirez was born and raised in Mexico, has family in Mexico, and is not a citizen of the United States. It also undisputed that Aceves-Ramirez was caught distributing high-purity methamphetamine, which we have previously recognized as evidence of importation. *See United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020); *see also United States v. Cadena*, 642 F. App'x 306, 307 (5th Cir. 2016). And, perhaps most importantly, Aceves-Ramirez's co-conspirator admitted to authorities upon arrest that one of their suppliers, "Carter," resided in Mexico. Based on this evidence, the district court's finding that Aceves-Ramirez sold methamphetamine imported from Mexico was certainly "plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 622 (5th Cir. 2013).

Aceves-Ramirez's reliance on *United States v. Nimerfroh*, 716 F. App'x 311 (5th Cir. 2018), an unpublished decision, is misplaced. We found clear error in the district court's decision to apply the importation enhancement in *Nimerfroh* because that finding was predicated solely on the vague mention that the defendant was dealing with the "cartel." *Id.* at 316. "Even if [the defendant's] use of the word 'cartel' could be read to mean a Mexican cartel," we reasoned, "such a reading says nothing about where the cartel's activities took place[,] nor does it speak to where the methamphetamine came from and whether it was imported." *Id.* The evidence against Aceves-Ramirez in this case, on the other hand, is considerably stronger than it was in *Nimerfroh*. In addition to the evidence establishing Aceves-Ramirez's ties to Mexico and the purity of the methamphetamine he was distributing, his co-conspirator specifically identified their source of supply as one from Mexico. So even if *Nimerfroh* were precedential, it would not change our decision here. We therefore find

No. 22-50954

no clear error underlying the district court's decision to apply a two-level enhancement under U.S.S.G. § 2D1.1(b)(5).

Aceves-Ramirez additionally argues, for the first time on appeal, that the two-level enhancement was error because there was no evidence that he knew the methamphetamine was imported. He properly concedes, however, that this argument is foreclosed by circuit precedent. *See United States v. Serfass*, 684 F.3d 548, 550–53 (5th Cir. 2012) (holding that U.S.S.G. § 2D1.1(b)(5) may be applied "whether or not the defendant knew that the methamphetamine was imported").

Accordingly, the district court's judgment is AFFIRMED.